UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BRIAN PENDLETON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:06CV1455 HEA |
| QUIKTRIP CORPORATION, | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Leave to Take Interlocutory Appeal Pursuant to 28 U.S.C. § 1292, [Doc. No. 20]. Plaintiff opposes the motion and has filed a written opposition, to which Defendant has filed a reply. For the reasons set forth below, the Motion is denied.

Plaintiff brought this action under the provisions of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq*. (ERISA). Plaintiff's Complaint alleges that Defendant violated Section 510 of ERISA, 29 U.S.C. § 1140, which makes it unlawful, *inter alia*, for an employer to discharge a participant in an ERISA plan for the purpose of interfering with the participant's ERISA rights under the plan. Defendant sought dismissal on the grounds that this action is barred by the applicable statute of limitations and that Plaintiff has failed to sufficiently allege a cause of action. The Court denied Defendant's Motion to

Dismiss finding that the applicable statute of limitations in a Section 510 interference case was the statute of limitations for a contract case, as held in *Heideman v. PFL, Inc.*, 904 F.2d 1262 (8th Cir. 1990).

Defendants now seek a certification for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides the requirements necessary for certification of an interlocutory order for appeal:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

This provision sets forth three requirements that must be met before a district court opinion may be certified for interlocutory appeal. *White v. Nix,* 43 F.3d 374, 377 (8th Cir.1994). Specifically, "the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial grounds for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Id. See also SBL v. Evans,* 80 F.3d 307, 309-310 (8th

Cir.1996). The Eighth Circuit has also emphasized that "it is the policy of the courts to discourage piecemeal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White,* 43 F.3d at 376. *See also Control Data Corp. v. International Business Machines Corp.,* 421 F .2d 323, 325 (8th Cir.1970) ("It has, of course, long been the policy of the courts to discourage piecemeal appeals...."). In accordance with the policy of discouraging interlocutory appeals, "§ 1292(b) should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation...." *White,* 43 F.3d at 376. In reaching this determination, the burden is on the movant "to demonstrate that the case is an exceptional one in which immediate appeal is warranted." *Id.* It is within the trial court's discretion to grant or deny a motion for interlocutory appeal, and also within the discretion of the court of appeals to certify the appeal. *Id.* A district court's grant of interlocutory appeal must be in writing, and must state the basis for the interlocutory appeal. *Federal Deposit Ins. Corp. v. First Nat. Bank of Waukesha, Wis.*, 604 F.Supp. 616, 620 (D.Wis.1985) ("he shall so state in writing in such order."). Furthermore, the application for appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

Defendant argues that the Order denying dismissal all the requirements for

certification. The Court however, disagrees. Quite evident from the Court's ruling that the basis was the holding in *Heideman* that the applicable limitations period for a Section 510 interference case was the state statute governing contract cases. While Defendant argues that there is substantial ground for differences of opinion regarding what the applicable limitation period should be, the Court's ruling is based on the only Eighth Circuit opinion discussing the issue. This Court is required to follow Eighth Circuit precedent and the mere fact that Defendant disagrees with this holding, and has pointed out other courts which have held differently, does not obviate this requirement. The Court's opinion is consistent with *Heideman*, and there has been no showing by Defendant that there is substantial ground for a difference of opinion in the Eighth Circuit. Defendant therefore, cannot satisfy all of the prerequisites of certification.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Leave to Take Interlocutory Appeal Pursuant to 28 U.S.C. § 1292, [Doc. No. 20], is denied.

Dated this 20th day of April, 2007.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE